Stacey L. Beaumont, ISB No. 10520
HAWLEY TROXELL ENNIS & HAWLEY LLP
704 E. Sherman Avenue
Coeur d'Alene, ID 83814
Telephone:  208.444.4170
Facsimile:  208.954.5221
Email: sbeaumont@hawleytroxell.com

Travis W. McCallon,* MO #56979
travis.mccallon@lathropgpm.com
Luke M. Meriwether,* MO #59915
luke.meriwether@lathropgpm.com
Eric D. Sidler,* MO #69531
eric.sidler@lathropgpm.com
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Tel: (816) 292-2000
Fax: (816) 292-2001
(**Pro Hac Vice* forthcoming)

*Attorneys for Plaintiff*
*The Ergo Baby Carrier, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
EASTERN DIVISION

| | |
|---|---|
| THE ERGO BABY CARRIER, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MABĒ, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff The Ergo Baby Carrier, Inc. hereby sets forth its Complaint for patent infringement against Defendant Mabē, LLC, as follows:

1

## THE PARTIES

1. Plaintiff The Ergo Baby Carrier, Inc. ("Ergobaby") is a Hawaiian corporation with a principal place of business at 2041 East Street, Suite 831, Concord, California 94520.

2. Defendant Mabē, LLC ("Mabe") is an Idaho domesticated limited liability company with a principal place of business at 1463 N. 825 E, Shelley, Idaho 83274-5055.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281–285, and 289, and Ergobaby seeks monetary damages and injunctive relief herein. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Mabe because it is headquartered in this Judicial District and the state of Idaho, has committed wrongful acts of infringement identified in this Complaint in this Judicial District and the state of Idaho, and regularly conducts and solicits business, and derives substantial revenue from the sale of its infringing products to persons and entities in this Judicial District and in the state of Idaho.

5. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Mabe resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

6. Ergobaby is a leading maker of innovative, ergonomic baby products that enable and encourage bonding. Approximately two decades ago, Ergobaby's founder was dissatisfied with existing baby carrier products and set out to create something that was beneficial for her baby as well as comfortable and easy for parents to use. The result was the first Ergobaby Baby Carrier,

a soft structured carrier that revolutionized baby carrying and became the gold standard of babywearing.

7. Ergobaby has continued to be an innovator and pioneer in the baby carrying space ever since. With carrier styles to suit every family, Ergobaby has become the most recommended baby carrier manufacturer, carrying millions of babies all over the world. These carriers are now available to support families through two babywearing journeys: All-in-One (with products such as the Omni Breeze, Omni Dream, Omni Deluxe or Aerloom) and Ages & Stages (with products such as the Embrace Newborn Carrier, Aura Baby Wrap, 360, and Hip Seat and slings).

8. By way of example, Ergobaby's Omni Breeze, Omni Dream, and Omni Deluxe (all shown below) are everyday carriers providing users with easy adjustability and multiple ergonomic carry modes for babies of all ages.



| Omni Breeze | Omni Dream | Omni Deluxe |

9. As evidence of its innovation in the space, Ergobaby is the holder of numerous patents in the United States and throughout the world relating to its one-of-a-kind baby carriers. This includes the two patents asserted in this case—United States Patent No. 10,426,275 and United States Patent No. 12,016,470.

10. U.S. Patent No. 10,426,275 ("the '275 Patent"), attached as **Exhibit 1**, is directed to an "Adjustable Child Carrier," and represents novel advancements in child carriers.

11. Ergobaby is the lawful assignee of all right, title, and interest in and to the '275 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it.

12. The '275 Patent was filed on October 28, 2016, legally issued on October 1, 2019, claims priority to U.S. Provisional Application No. 62/248,745 filed on October 30, 2015, and is valid.

13. Independent Claim 1 of the '275 Patent is representative of the invention:

> A child carrier comprising:
>
> a waist belt adapted for securing about a wearer's hips;
>
> a main body coupled to the waist belt, the main body adapted to form a child carrying area in cooperation with a wearer's torso, the main body comprising:
>
> a torso support portion configured for supporting at least of the torso of a child; and
>
> an adjustable bucket seat configurable in a plurality of bucket seat configurations, each of the plurality of bucket seat configurations having a different a) bucket seat depth and b) bucket seat width and adapted to support a child in a corresponding size range in a spread squat position, the adjustable bucket seat comprising:
>
> a seat center portion coupled to the waist belt and torso support portion;
>
> thigh supports disposed on either side of the seat center portion the thigh supports adapted to pass under and support a child's thighs and cooperate with the seat center portion to form the bucket seat; and
>
> a base width adjuster coupled to each thigh support, wherein the base width adjusters are configured for selective coupling to the waist belt at multiple locations to adjust a width of the main body at the waist belt.

14. U.S. Patent No. 12,016,470 ("the '470 Patent"), attached as **Exhibit 2**, is directed to an "Adjustable Child Carrier," and also represents novel advancements in child carriers.

4

15. Ergobaby is the lawful assignee of all right, title, and interest in and to the '470 Patent, including the right to assert all causes of action arising under the patent and the right to any and all remedies for infringement of it.

16. The '470 Patent was filed on December 1, 2023, was legally issued on June 25, 2024, claims priority to U.S. Provisional Application No. 62/248,745 filed on October 30, 2015, and is valid.

17. Independent Claim 1 of the '470 Patent is representative of the invention:

> An adjustable child carrier, the adjustable child carrier comprising:
>
> a body configured to support a child,
>
> > wherein the body is adapted to form a child carrying area in cooperation with a torso of a wearer,
> >
> > wherein the body forms a bucket seat configured to support legs of the child;
>
> a first adjustable shoulder strap coupled to the body and configured to extend over a first shoulder of the wearer;
>
> a second adjustable shoulder strap coupled to the body and configured to extend over a second shoulder of the wearer;
>
> a waist belt adapted for securing about a wearer's hips; and
>
> at least one base adjuster coupled to the body,
>
> > wherein the at least one base adjuster is configured to selectively attach to the waist belt at a first position located on the waist belt and a second position located on the waist belt to thereby adjust a length of the body to accommodate various sizes of the child as the child ages,
> >
> > wherein the length of the body is defined from a bottom of the bucket seat to a top of the body.

18. Ergobaby is and has been making and selling baby carrier products that incorporate the inventions claimed in the '275 Patent and the '470 Patent, including at least the Omni Breeze,

Omni Dream, and Omni Deluxe products, which Ergobaby has marked with the '275 Patent and the '470 Patent numbers via its website, www.ergobaby.com/patents.

19. Defendant Mabe directly competes with Ergobaby in the United States in the baby carrier space.

20. Among other products, Mabe currently imports into the United States and/or makes, manufactures, uses, sells, and/or offers for sale in the United States the Mabe Monarch Buckle Carrier (https://mabeproducts.com/collections/the-monarch-buckle-carrier), as depicted by the examples below.



21. Information, images, and videos available on Mabe's website and the Instruction Manual for the Mabe Monarch Buckle Carrier describe and/or demonstrate the features and functionality of the Mabe Monarch Buckle Carrier.

22. Mabe's Instruction Manual is attached as **Exhibit 3** (excerpts of which appear in Ergobaby's claim chart described below).

23. The Mabe Monarch Buckle Carrier practices at least Claim 1 of Ergobaby's '275 Patent, either literally or under the doctrine of equivalents. Attached as **Exhibit 4** is an exemplary claim chart evidencing in detail how the Mabe Monarch Buckle Carrier practices at least Claim 1 of the '275 Patent.

24. The Mabe Monarch Buckle Carrier also practices at least Claim 1 of Ergobaby's '470 Patent, either literally or under the doctrine of equivalents. Attached as **Exhibit 5** is an exemplary claim chart evidencing in detail how the Mabe Monarch Buckle Carrier practices at least Claim 1 of the '470 Patent.

25. Ergobaby has not given Mabe permission, license, or authorization to practice or use Ergobaby's patented technology embodied in the '275 Patent and/or '470 Patent.

26. Mabe currently imports into the United States and/or makes, manufactures, uses, sells, and/or offers for sale the Monarch Buckle Carrier in the United States in direct competition against Ergobaby's products, including but not limited to the Omni Breeze, Omni Dream, and Omni Deluxe products. Ergobaby has lost and will continue to lose customers, sales, and goodwill to Mabe as a direct result of Mabe's infringement of the '275 Patent and '470 Patent.

27. Mabe's infringement also irreparably harms Ergobaby by depriving Ergobaby of the use and control of its patented technology and patent rights and by piggybacking on all the benefits related thereto that should rightfully accrue to Ergobaby. Mabe's infringement through the importation, manufacture, use, sale, and/or offer to sell the Mabe Monarch Buckle Carrier has injured, is injuring, and will continue to cause irreparable injury to Ergobaby if Mabe is not preliminarily and permanently enjoined.

28. Mabe knew or should have known that its actions constitute infringement of the '275 Patent and/or the '470 Patent, and yet Mabe has continued in its infringement. Thus, Mabe's infringement is willful and continuing, and this case is exceptional under 35 U.S.C. § 285.

## FIRST CAUSE OF ACTION
### (Infringement of the '275 Patent under 35 U.S.C. § 271)

29. Ergobaby incorporates by reference all previous allegations as though set forth fully here.

30. Mabe has infringed and continues to infringe one or more claims of the '275 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States its Mabe Monarch Buckle Carrier products.

31. Mabe's infringing acts are without license or authorization from Ergobaby.

32. As a direct and proximate result of Mabe's infringement of the '275 Patent, Ergobaby has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Ergobaby's damages include its lost profits, but are in no event less than a reasonable royalty.

33. As a direct and proximate result of Mabe's infringement of the '275 Patent, Ergobaby has also suffered irreparable injury for which it has no adequate remedy at law. Unless Mabe is preliminarily and permanently enjoined from further infringement of the '275 Patent, Ergobaby will continue to suffer irreparable injury and impairment of the value of its patent rights.

## SECOND CAUSE OF ACTION
### (Infringement of the '470 Patent under 35 U.S.C. § 271)

34. Ergobaby incorporates by reference all previous allegations as though set forth fully here.

35. Mabe has infringed and continues to infringe one or more claims of the '470 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing in or into the United States its Mabe Monarch Buckle Carrier products.

36. Mabe's infringing acts are without license or authorization from Ergobaby.

37. As a direct and proximate result of Mabe's infringement of the '470 Patent, Ergobaby has suffered and will continue to suffer injury for which it is entitled to damages under 35 U.S.C. § 284 adequate to compensate it for such infringement, in an amount to be proven at trial, as well as enhanced damages. Ergobaby's damages include its lost profits, but are in no event less than a reasonable royalty.

38. As a direct and proximate result of Mabe's infringement of the '470 Patent, Ergobaby has also suffered irreparable injury for which it has no adequate remedy at law. Unless Mabe is preliminarily and permanently enjoined from further infringement of the '470 Patent, Ergobaby will continue to suffer irreparable injury and impairment of the value of its patent rights.

## PRAYER FOR RELIEF

39. In light of the foregoing, Plaintiff Ergobaby respectfully prays for the following relief against Mabe:

    A. A judgment that Mabe has infringed one or more of the claims of the '275 Patent directly (either literally or under the doctrine of equivalents);

  B. A judgment that Mabe has infringed one or more of the claims of the '470 Patent directly (either literally or under the doctrine of equivalents);

  C. A preliminary and permanent injunction enjoining Mabe, its officers, directors, employees, agents, representatives, parent companies, subsidiaries, and affiliates, and all persons acting in active concert or participation therewith, from engaging in any continued infringement of the '275 Patent and the '470 Patent;

  D. An award of all damages to which Ergobaby is entitled under 35 U.S.C. § 284 for all past and continuing infringement, including but not limited to all lost profits and/or reasonable royalties, and an order requiring a full accounting of the same;

  E. A trebling of damages and a finding that this case is exceptional under 35 U.S.C. § 285, as well as an award of all the attorneys' fees incurred by Ergobaby in this action;

  F. An assessment of interest, both pre- and post-judgment, on the damages awarded;

  G. An award of costs incurred by Ergobaby in bringing and prosecuting this action; and

  H. Any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Ergobaby hereby demands a jury trial on all issues so triable.

Dated: <u>January 14, 2026</u>					Respectfully submitted,

							HAWLEY TROXELL ENNIS & HAWLEY LLP

							By: <u>*/s/ Stacey L. Beaumont*</u>
							     Stacey L. Beaumont, ISB No. 10520

							LATHROP GPM LLP

							     Travis W. McCallon,* MO #56979
							     Luke M. Meriwether,* MO #59915
							     Eric D. Sidler,* MO #69531

							*ATTORNEYS FOR PLAINTIFF*
							*THE ERGO BABY CARRIER, INC.*