Kent L. Hawkins
MERRILL & MERRILL, CHTD.
109 N. Arthur Ave., 5th Floor
Pocatello, ID 83204
Tel: (208) 232-2286
Email: khawk@mmlawid.com

Justin J. Hasford (*pro hac vice*)
Chiaki Kobayashi (*pro hac vice* forthcoming)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Tel: (202) 408-4175
Fax: (202) 408-4400
Email: justin.hasford@finnegan.com

*Attorneys for Defendant Mabē, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**
**EASTERN DIVISION**

| | |
|---|---|
| THE ERGO BABY CARRIER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MABĒ, LLC,<br><br>Defendant. | Case No. 4:26-cv-00022-DCN<br><br>**MABĒ, LLC's FIRST AMENDED ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |

Defendant Mabē, LLC ("Mabē") has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint filed by Plaintiff The Ergo Baby Carrier, Inc. ("Ergobaby") for failure to state a claim and therefore does not believe that any Answer to Ergobaby's Complaint is required. To the extent any Answer to Ergobaby's Complaint is required, Mabē hereby responds to the numbered paragraphs of Complaint as follows. To the extent any allegation contained in this Answer is not specifically admitted, it is hereby denied:

## NATURE OF THE ACTION

1. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 1 is required. To the extent any Answer to the allegations in Paragraph 1 is required, Mabē does not know what Ergobaby intends as to the allegations of Paragraph 1 and therefore denies these allegations.

2. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 2 is required. To the extent any Answer to the allegations in Paragraph 2 is required, Mabē admits that it is an Idaho corporation having an address at 1463 N. 825 E, Shelley, Idaho, 83274-5055, and denies any further allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 3 is required. To the extent any Answer to the allegations in Paragraph 3 is required, Mabē denies that Ergobaby has stated a proper claim for patent infringement, including for monetary damages and injunctive relief, and denies any further allegations in Paragraph 3.

4. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 4 is required. To the extent any Answer to the allegations in Paragraph 4 is required, Mabē admits that it is headquartered in this Judicial District and the State of Idaho and that it conducts business in this Judicial District and the State of Idaho, and denies that Ergobaby has properly alleged personal jurisdiction and denies any further allegations in Paragraph 4.

5. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 5 is required. To the extent any Answer to the allegations in Paragraph 5 is required, Mabē denies that Ergobaby has properly alleged venue and denies any further allegations in Paragraph 5.

## FACTUAL BACKGROUND

6. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 6 is required. To the extent any Answer to the allegations in Paragraph 6 is required, Mabē denies the allegations in Paragraph 6.

7. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 7 is required. To the extent any Answer to the allegations in Paragraph 7 is required, Mabē denies the allegations in Paragraph 7.

8. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 8 is required. To the extent any Answer to the allegations in Paragraph 8 is required, Mabē denies the allegations in Paragraph 8.

9. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 9 is required. To the extent any Answer to the allegations in Paragraph 9 is required, Mabē admits that Ergobaby has asserted U.S. Patent No. 10,426,275 ("the '275 patent") and U.S. Patent No. 12,016,470 ("the ''470 patent") in this case and denies any further allegations in Paragraph 9.

10. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 10 is required. To the extent any Answer to the allegations in Paragraph 10 is required, Mabē admits that the '275 patent is titled "Adjustable Child Carrier" and denies any further allegations in Paragraph 10.

11. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 11 is required. To the extent any Answer to the allegations in Paragraph 11 is required, Mabē denies the allegations in Paragraph 11.

12. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 12 is required. To the extent any Answer to the allegations in Paragraph 12 is required, Mabē admits that the application that issued as the '275 patent on October 1, 2019 was filed on October 28, 2016 and purports to claim priority to U.S. Provisional Application No. 62/248,745 filed on October 30, 2015, and denies any further allegations in Paragraph 12.

13. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 13 is required. To the extent any Answer to the allegations in Paragraph 13 is required, Mabē admits that Ergobaby has purported to recite claim 1 of the '275 patent in Paragraph 13 and denies any further allegations in Paragraph 13.

14. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 14 is required. To the extent any Answer to the allegations in Paragraph 14 is required, Mabē admits that the '470 patent is titled "Adjustable Child Carrier" and denies any further allegations in Paragraph 14.

15. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 15 is required. To the extent any Answer to the allegations in Paragraph 15 is required, Mabē denies the allegations in Paragraph 15.

16. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 16 is required. To the extent any Answer to the allegations in Paragraph 16 is required, Mabē admits that the application that issued as the '470

patent on June 25, 2024 was filed on December 1, 2023 and purports to claim priority to U.S. Provisional Application No. 62/248,745 filed on October 30, 2015, and denies any further allegations in Paragraph 16.

17. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 17 is required. To the extent any Answer to the allegations in Paragraph 17 is required, Mabē admits that Ergobaby has purported to recite claim 1 of the '470 patent in Paragraph 17 and denies any further allegations in Paragraph 17.

18. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 18 is required. To the extent any Answer to the allegations in Paragraph 18 is required, Mabē denies the allegations in Paragraph 18.

19. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 19 is required. To the extent any Answer to the allegations in Paragraph 19 is required, Mabē does not know what Ergobaby intends as to the allegations of Paragraph 19 and therefore denies these allegations.

20. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 20 is required. To the extent any Answer to the allegations in Paragraph 20 is required, Mabē admits that it sells the Monarch Buckle Carrier on the website mabeproducts.com and does not know what Ergobaby intends as to the remaining allegations in Paragraph 20 and therefore denies these allegations.

21. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 21 is required. To the extent any Answer to the allegations in Paragraph 21 is required, Mabē admits that it describes the Monarch Buckle Carrier

on the website mabeproducts.com and does not know what Ergobaby intends as to the remaining allegations in Paragraph 21 and therefore denies these allegations.

22. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 22 is required. To the extent any Answer to the allegations in Paragraph 22 is required, Mabē admits that Ergobaby has purported to attached a copy of Mabē's Monarch Baby Carrier Instruction Manual as Exhibit 3 to Ergobaby's Complaint and does not know what Ergobaby intends as to the remaining allegations in Paragraph 22 and therefore denies these allegations.

23. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 23 is required. To the extent any Answer to the allegations in Paragraph 23 is required, Mabē denies the allegations in Paragraph 23.

24. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 24 is required. To the extent any Answer to the allegations in Paragraph 24 is required, Mabē denies the allegations in Paragraph 24.

25. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 25 is required. To the extent any Answer to the allegations in Paragraph 25 is required, Mabē does not know what Ergobaby intends as to the allegations in Paragraph 25 and therefore denies these allegations.

26. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 26 is required. To the extent any Answer to the allegations in Paragraph 26 is required, Mabē denies the allegations in Paragraph 26.

27. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 27 is required. To the extent any Answer to the allegations in Paragraph 27 is required, Mabē denies the allegations in Paragraph 27.

28. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 28 is required. To the extent any Answer to the allegations in Paragraph 28 is required, Mabē denies the allegations in Paragraph 28.

**FIRST COUNT**

29. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 29 is required. To the extent any Answer to the allegations in Paragraph 29 is required, Mabē incorporates by reference all previous responses as though set forth fully here.

30. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 30 is required. To the extent any Answer to the allegations in Paragraph 30 is required, Mabē denies the allegations in Paragraph 30.

31. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 31 is required. To the extent any Answer to the allegations in Paragraph 31 is required, Mabē denies the allegations in Paragraph 31.

32. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 32 is required. To the extent any Answer to the allegations in Paragraph 32 is required, Mabē denies the allegations in Paragraph 32.

33. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 33 is required. To the extent any Answer to the allegations in Paragraph 33 is required, Mabē denies the allegations in Paragraph 33.

## SECOND COUNT

34. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 34 is required. To the extent any Answer to the allegations in Paragraph 34 is required, Mabē incorporates by reference all previous responses as though set forth fully here.

35. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 35 is required. To the extent any Answer to the allegations in Paragraph 35 is required, Mabē denies the allegations in Paragraph 35.

36. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 36 is required. To the extent any Answer to the allegations in Paragraph 36 is required, Mabē denies the allegations in Paragraph 36.

37. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 37 is required. To the extent any Answer to the allegations in Paragraph 37 is required, Mabē denies the allegations in Paragraph 37.

38. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Answer to the allegations in Paragraph 38 is required. To the extent any Answer to the allegations in Paragraph 38 is required, Mabē denies the allegations in Paragraph 38.

## RESPONSE TO ERGOBABY'S PRAYER FOR RELIEF

39. Mabē has moved to dismiss Ergobaby's Complaint and therefore does not believe that any Response to Ergobaby's Prayer for Relief is required. To the extent any Response to Ergobaby's Prayer for Relief is required, Mabē denies that Ergobaby is entitled to any relief it requests.

## AFFIRMATIVE DEFENSES

In addition to the defenses set forth herein, Mabē expressly reserves the right to allege and assert any defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future become known or available based upon discovery and further investigation in this case.

## FIRST DEFENSE

1. Mabē does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the ’275 patent, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## SECOND DEFENSE

2. Mabē does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the ’470 patent, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## THIRD DEFENSE

3. Ergobaby is not entitled to injunctive relief because Mabē has not infringed and is infringing any valid and enforceable claim of the ’275 patent or the ’470 patent, and any purported injury to Ergobaby is not immediate or irreparable. To the extent Ergobaby proves that it is entitled to any relief, which it is not, it would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavor an injunction under the circumstances of this case.

## FOURTH DEFENSE

4. The claims of the ’275 patent are invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH DEFENSE

5. The claims of the ’470 patent are invalid for failure to satisfy one or more of the conditions of patentability, including without limitation those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SIXTH DEFENSE

6. On information and belief, the ’275 patent is unenforceable based on the inequitable conduct and breaches of the duty of candor and disclosure owed to the U.S. Patent and Trademark Office (“USPTO”) by at least the named inventor, Rodney V. Telford, and the prosecuting attorneys John Adair, Mark Berrier, and Jennifer Bailey in connection with the prosecution of the application that resulted in the ’275 patent.

7. On October 28, 2016, Ergobaby filed U.S. Application No. 15/337,813 (“the ’813 application”). The ’813 application purports to claim priority back to U.S. Provisional Application No. 62/248,745, filed on October 20, 2015. The ’813 application issued as the ’275 patent.

8. On information and belief, Rodney V. Telford and/or the prosecuting attorneys John Adair, Mark Berrier, and/or Jennifer Bailey withheld one or more material prior art references from the USPTO during prosecution of the ’275 patent with the specific intent to deceive the USPTO.

9. Under 37 C.F.R. § 1.56, each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO. A person’s duty of candor includes a duty to disclose “all information known to that individual to be material to patentability” to the USPTO. Part of each named inventor’s oath is acknowledging their duty to submit material prior art to the USPTO under Rule 1.56.

10. Based upon Ergobaby's own infringement allegations that Mabē's Monarch Buckle Carrier falls within the scope of claim 1 of the '275 patent and Ergobaby's theory of claim scope, the Isara baby carrier disclosed in the following YouTube video dated February 25, 2015, www.youtube.com/watch?v=PfVnFALunTA, and the following blog dated July 13, 2015, juste1truc.blogspot.com/2015/07/le-preforme-toddler-isara.html?fbclid=IwY2xjawPeRGZleHRuA2FlbQIxMABicmlkETFaV3RBRnVGSVpxOWZjNUtXc3J0YwZhcHBfaWQQMjIyMDM5MTc4ODIwMDg5MgABHiME8wrqgLEZhb5ZCpuPNHUAqVkYrGief6netHuR4gVXIHdvDiXpV75o751p_aem_bZEZYHm12BnqEW3dM_3DgQ, reads on each and every element of Claim 1 of the '275 patent. Attached as **Exhibit 1** is an exemplary claim chart showing how, based upon Ergobaby's own infringement allegations, the Isara carrier anticipates at least Claim 1 of the '275 patent.

11. The blog mentioned in Paragraph 10 describes the Isara carrier as a "préformé" (pre-formed) carrier equipped with shoulder straps and buckles, a waistband, and an "assise très profonde" (very deep seat). The materials depict, *inter alia*, a carrier including a waist belt securing the carrier around the wearer's hips; a main body coupled to the waist belt and adapted to form a child-carrying area in cooperation with the wearer's torso; a torso support portion; an adjustable seat formed using a Velcro-based adjustment system; thigh support portions disposed on either side of the seat center portion; and base-width adjustment accomplished through selective attachment points on the waist belt.

12. Ergobaby selectively disclosed a single later-dated (2016) Isara website during prosecution of the '275 patent, while omitting publicly available disclosures demonstrating that the Isara carrier—and its claimed features—were already in public use in 2015.

13. The Isara reference was submitted nearly last out of a list of over one hundred and eighty non-patent literature documents in an Information Disclosure Statement ("IDS"). This IDS was one of eighteen in the '275 Patent prosecution history. This tactic, commonly referred to as "burying," hinders meaningful review of the references by the examiner.

14. Ergobaby chose to cite to the "SCC instructions" sub-page of the Isara site, which is unrelated to the subject matter of the patent application, despite the Isara website clearly providing pages with titles directly related to the subject matter (e.g., displaying a subpage: "Shop – Ergonomic Carriers"). The Isara sub-page referenced contains no terms related to infants, carriers, or any related subject.

15. The cited Isara webpage on the IDS is a Romanian website itself (http://www.isara.ro/en/content/7-instructiuni-ssc). Upon information and belief, Erogbaby understood that other foreign (particularly European) sources provided further pertinent disclosure related to the Isara product.

16. Based on the IDS reference disclosure, and upon information and belief, specific individuals—the named inventor and prosecuting attorneys—knew of the Isara product.

17. The Isara product was in the public domain before the priority date of the '275 patent.

18. Upon information and belief, the named inventor and/or the prosecuting attorneys established their awareness of the Isara product and its features by submitting Isara-related references during prosecution of both the '275 and '470 patents.

19. Upon information and belief, the named inventor and/or the prosecuting attorneys cited websites dated 2016 with intent to deceive the USPTO regarding the date of the Isara baby carrier's public disclosure, which was at least as early as February 25, 2015.

20. Upon information and belief, the above-referenced YouTube video and blog are but-for material because the USPTO would not have allowed, at a minimum, claim 1 the ’275 patent had the USPTO been aware of the actual 2015 dates of the Isara baby carrier’s public disclosure.

21. Upon information and belief, the Isara baby carrier disclosures are not cumulative of the single later-dated (2016) Isara website referenced because pre-priority date references cannot be rendered cumulative by post-priority date materials.

22. Upon information and belief, the withheld Isara references were and remain material to the patentability of the ’275 patent under 35 U.S.C. §§ 102 and/or 103. The Isara disclosures constitute prior art under both the “public use” and “printed publication” provisions of 35 U.S.C. § 102 and, and at a minimum render the asserted claims obvious under 35 U.S.C. § 103.

23. In light of at least the foregoing, the ’275 patent is unenforceable due to inequitable conduct.

**SEVENTH DEFENSE**

24. On information and belief, the ’470 patent is unenforceable based on the inequitable conduct and breaches of the duty of candor and disclosure owed to the U.S. Patent and Trademark Office (“USPTO”) by at least the named inventor, Rodney V. Telford, and the prosecuting attorneys Jennifer Bailey and John Adair in connection with the prosecution of the application that resulted in the ’470 patent.

25. On December 1, 2023, Ergobaby filed U.S. Application No. 18/526,378 (“the ’378 application”). The ’378 application purports to claim priority back to U.S. Provisional Application No. 62/248,745, filed on October 20, 2015. The ’378 application issued as the ’470 patent.

26. On information and belief, Rodney V. Telford and/or the prosecuting attorneys

Jennifer Bailey and/or John Adair withheld one or more material prior art references from the USPTO during prosecution of the ’470 patent with the specific intent to deceive the USPTO.

27. Under 37 C.F.R. § 1.56, each person associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO. A person’s duty of candor includes a duty to disclose “all information known to that individual to be material to patentability” to the USPTO. Part of each named inventor’s oath is acknowledging their duty to submit material prior art to the USPTO under Rule 1.56.

28. Based upon Ergobaby’s own infringement allegations that Mabē’s Monarch Buckle Carrier falls within the scope of claim 1 of the ’470 patent and Ergobaby’s theory of claim scope, the Isara baby carrier disclosed in the following YouTube video dated February 25, 2015, www.youtube.com/watch?v=PfVnFALunTA, and the following blog dated July 13, 2015, juste1truc.blogspot.com/2015/07/le-preforme-toddler-isara.html?fbclid=IwY2xjawPeRGZleHRuA2FlbQIxMABicmlkETFaV3RBRnVGSVpxOWZjNUtXc3J0YwZhcHBfaWQQMjIyMDM5MTc4ODIwMDg5MgABHiME8wrqgLEZhb5ZCpuPNHUAqVkYrGief6netHuR4gVXIHdvDiXpV75o751p_aem_bZEZYHm12BnqEW3dM_3DgQ, reads on each and every element of Claim 1 of the ’470 patent, at a minimum. Attached as **Exhibit 2** is an exemplary claim chart showing how, based upon Ergobaby’s own infringement allegations, the Isara carrier anticipates at least Claim 1 of the ’470 patent.

29. The blog mentioned in Paragraph 28 describes the Isara carrier as a “préformé” (pre-formed) carrier equipped with shoulder straps and buckles, a waistband, and an “assise très profonde” (very deep seat). The materials depict a carrier including a waist belt securing the carrier around the wearer’s hips; a main body coupled to the waist belt and adapted to form a child-carrying area in cooperation with the wearer’s torso; a torso support portion; an

adjustable seat formed using a Velcro-based adjustment system; thigh support portions disposed on either side of the seat center portion; and base-width adjustment accomplished through selective attachment points on the waist belt.

30. Ergobaby selectively disclosed a later-dated (2016) Isara website and an undated Instruction for Use reference during prosecution of the '470 patent, while omitting publicly available disclosures demonstrating that the Isara carrier—and its claimed features—were already in public use in 2015.

31. Ergobaby chose to cite to the "SCC instructions" sub-page of the Isara site, which is unrelated to the subject matter of the patent application, despite the Isara website clearly providing pages with titles directly related to the subject matter (e.g., displaying a subpage: "Shop – Ergonomic Carriers"). The Isara sub-page referenced contains no terms related to infants, carriers, or any related subject.

32. The cited Isara webpage on the IDS is a Romanian website itself (http://www.isara.ro/en/content/7-instructiuni-ssc). Ergobaby understood that other foreign (particularly European) sources provided further pertinent disclosure related to the Isara product.

33. Based on the IDS reference disclosure, and upon information and belief, specific individuals—the named inventor and prosecuting attorneys—knew of the Isara product.

34. The Isara product was in the public domain before the priority date of the '470 patent.

35. Upon information and belief, the named inventor and/or the prosecuting attorneys established their awareness of the Isara product and its features by submitting Isara-related references during prosecution of both the '275 and '470 patents.

36. Upon information and belief, the named inventor and/or the prosecuting attorneys cited the Isara baby carrier to the U.S. Patent and Trademark Office ("USPTO") during prosecution of the '470 patent, but cited websites dated 2016, or undated, with intent to deceive the USPTO regarding the date of the Isara baby carrier's public disclosure, which was at least as early as February 25, 2015.

37. Upon information and belief, the above-referenced YouTube video and blog are but-for material because the USPTO would not have allowed, at a minimum, claim 1 the '470 patent had the USPTO been aware of the actual 2015 dates of the Isara baby carrier's public disclosure.

38. Upon information and belief, the Isara baby carrier disclosures are not cumulative of the single later-dated (2016) Isara website referenced because pre-priority date references cannot be rendered cumulative by post-priority date materials.

39. Upon information and belief, the withheld Isara references were and remain material to the patentability of the '275 patent under 35 U.S.C. §§ 102 and/or 103. The Isara disclosures constitute prior art under both the "public use" and "printed publication" provisions of 35 U.S.C. § 102 and, and at a minimum render the asserted claims obvious under 35 U.S.C. § 103.

40. In light of at least the foregoing, the '470 patent is unenforceable due to inequitable conduct.

## EIGHTH DEFENSE

41. Ergobaby's Complaint fails to state a claim upon which relief can be granted against Mabē.

## AMENDED COUNTERCLAIM

Defendant Mabē, LLC hereby incorporates by reference the foregoing paragraphs and counterclaims against The Ergo Baby Carrier, Inc. as follows:

## PARTIES

1. On information and belief, Plaintiff and Counterclaim-Defendant Ergo Baby Carrier, Inc. ("Ergobaby") is a Hawaiian corporation with a principal place of business at 2041 East Street, Suite 831, Concord, California 94520.

2. Defendant and Counterclaim-Plaintiff Mabē, LLC ("Mabē") is an Idaho domesticated limited liability company with a principal place of business at 1463 N. 825 E, Shelley, Idaho 83274-5055.

## JURISDICTION AND VENUE

3. This is an action for bad faith assertion of patent infringement pursuant to Idaho Code § 48-1706. Ergobaby has created an actual case or controversy in this district by sending bad faith cease and desist correspondence into this district and by filing a bad faith patent infringement suit in this district.

4. This Court has jurisdiction over Mabē's Counterclaim based on Idaho Code § 48-1706 and pursuant to 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction for state law claims.

5. This Court has personal jurisdiction over Ergobaby because, among other reasons, it has subjected itself to the jurisdiction of this Court by filing suit in this Court and the allegations and claims for relief in this counterclaim arise from common set of operative facts.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400. Ergobaby has attempted to enforce its patent in this district, and has otherwise committed acts within this district causing a reasonable apprehension on the part of Defendants that they will be sued in this district.

## FIRST CLAIM FOR RELIEF: BAD FAITH ASSERTION OF PATENT INFRINGEMENT, IDAHO CODE 48-1706

7. Mabē incorporates the preceding paragraphs as if fully set forth herein.

8. Ergobaby filed the present suit against Mabē, alleging infringement of the '275 and '470 patents, despite that these patents are not infringed, invalid and unenforceable, for at least the reasons set forth above.

9. Subsequently, on January 27, 2026, Ergobaby sent Mabē a demand letter.

10. Ergobaby's correspondence objectively evidences bad faith in that:

a. On January 27, 2026, after filing the current action—but before serving the complaint—Ergobaby expressly acknowledged that "the lawsuit has been filed," and stated that service would be withheld. Ergobaby further demanded immediate concessions with baseless allegations of willful infringement and threats of enhanced damages and injunctive relief.

b. Ergobaby's letter demanded, within seven days, "full accounting" disclosures of sales, revenue, and inventory, including inventory "in or en route to" the United States. Ergobaby impermissibly sought early discovery outside the Federal Rules of Civil Procedure, before any Rule 26(f) conference, and without Court authorization.

c. Ergobaby's letter further demanded that Mabē provide a written commitment to "immediately cease any and all manufacturing and sales" of the accused products. Demanding the functional equivalent of an injunction through a letter—before service, before discovery, and before any judicial determination—underscores the coercive and bad-faith nature of Ergobaby's enforcement strategy.

d. Ergobaby's allegations of willful infringement and threats of treble damages and attorneys' fees in the letter reflects an effort to extract immediate concessions untethered to a merits determination.

11. Ergobaby's post-complaint conduct implicates multiple statutory factors the Court may consider under Idaho Code § 48-1703, including § 48-1703(2)(d) (unreasonably short

response period), (f) (whether a reasonable actor would know the assertion is meritless and whether the assertion reflects bad faith), (g) (deceptive assertion), and (i) (any other relevant factor). Ergobaby's claims and demands made in its Complaint in this action, and those made before the Complaint was filed, violate Idaho Code § 48-1703, which makes it "unlawful for a person to make a bad faith assertion of patent infringement in a demand letter, a complaint or any other communication."

12. Mabē meets the statutory definition of "target" under Idaho Code § 48-1702(3) because it has become the subject of Ergobaby's patent infringement allegations, demands, and litigation.

13. Under Idaho Code § 48-1707, Mabē need only demonstrate a reasonable likelihood that Ergobaby has made a bad-faith assertion of patent infringement.

14. Mabē is entitled to a finding by this Court that Ergobaby's actions, including through its Complaint and communications, constitute bad faith assertion of patent infringement in violation of Idaho Code § 48-1703.

15. Mabē has incurred monetary damages including attorneys' fees as a result of Ergobaby's bad faith assertion of patent infringement.

16. Mabē is entitled to damages against Ergobaby for Bad Faith Assertion of Patent Infringement pursuant to Idaho Code § 48-1706 and to a bond pursuant to Idaho Code § 48-1707.

## DEMAND FOR JURY TRIAL

Mabē requests a jury trial on all issues triable by a jury.

## PRAYER FOR RELIEF

Wherefore, Defendant/Counterclaimant request this Court to enter judgment in its favor and against Plaintiff/Counter-defendant as follows:

A. Enter a judgment finding that Mabē does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the ’275 patent, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise;

B. Enter a judgment finding that Mabē does not infringe and has not infringed and is not liable for infringement of any valid and enforceable claim of the ’470 patent, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise;

C. Order that Ergobaby’s request for injunctive relief against Mabē is denied;

D. Order that Ergobaby’s request for damages and an accounting against Mabē is denied;

E. Order that Ergobaby’s request for a trebling of damages, a finding that this case is exceptional and an award of attorneys’ fees against Mabē is denied;

F. Order that Ergobaby’s request for an assessment of interest against Mabē is denied;

G. Order that Ergobaby’s request for an award of costs is denied;

H. Order that Ergobaby’s request for any other and further relief is denied;

I. Enter a judgment finding that all claims of the ’275 patent are invalid for failure to satisfy one or more conditions of patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112;

J. Enter a judgment finding that all claims of the ’470 patent are invalid for failure to satisfy one or more conditions of patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112;

K. Enter a judgment finding that the ’275 patent is unenforceable for inequitable conduct;

L. Enter a judgment finding that the '470 patent is unenforceable for inequitable conduct;

M. Find this to be an exceptional case under 35 U.S.C. § 285 and award Mabē reasonable attorneys' fees, costs and expenses against Ergobaby;

N. Enter a judgment that Ergobaby's correspondence was sent in bad faith in violation of Idaho Code 48-1706;

O. Enter a judgment that the Complaint was filed in bad faith in violation of Idaho Code 48-1706;

P. Find Ergobaby's conduct to be in violation of Idaho Code 48-1706 and award Mabē for damages in an amount to be proven at trial, for costs and fees, including reasonable attorney's fees, and for exemplary damages in an amount equal to $16 million or three times the damages, costs and fees, whichever is greater, for the bad faith cease and desist letter and the bad faith Complaint; and

Q. Award such other further relief as the Court deems just and proper.

Dated: April 30, 2026

Respectfully submitted,

s/ *Kent L. Hawkins*

Kent L. Hawkins
MERRILL & MERRILL, CHTD.
109 N. Arthur Ave., 5th Floor
Pocatello, ID 83204
Tel: (208) 232-2286
Email: khawk@mmlawid.com

Justin J. Hasford (*pro hac vice*)
Chiaki Kobayashi (*pro hac vice* forthcoming)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
Tel: (202) 408-4175

Fax: (202) 408-4400
Email: justin.hasford@finnegan.com

*Attorneys for Defendant Mabē, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Dated: April 30, 2026 s/ *Kent L. Hawkins*