UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE ERGO BABY CARRIER, INC.,<br>Plaintiff,<br>v.<br>MABĒ, LLC,<br>Defendant. | Case No. 4:26-cv-00022-DCN<br>**MEMORANDUM DECISION AND ORDER** |

## I. BACKGROUND

Before the Court is the United States International Trade Commission's (the "ITC") Unopposed Motion to Intervene for Limited Purpose. Dkt. 42 (the "Motion to Intervene"). Given the extensive motion practice that the parties have engaged in since the commencement of this Action, a brief overview of the procedural posture of this case is warranted.

This case commenced on January 14, 2026, when The Ergo Baby Carrier, Inc. ("Ergobaby") sued Mabē, LLC ("Mabē") for patent infringement. Dkt. 1 (the "Complaint"). Ergobaby asserts that Mabē's Monarch baby carriers infringe on U.S. Patent Nos. 10,426,275 (the "'275 patent") and 12,016,470 (the "'470 patent"). *Id.* Ergobaby brought suit under 35 U.S.C. §§ 271, 281–285, and 289, seeking monetary damages and

injunctive relief. *Id.*

On March 19, 2026, Mabē moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 18 (the "Motion to Dismiss"). Mabē also answered the Complaint and asserted eight affirmative defenses (Dkt. 19), and filed a motion for bond (Dkt. 20 (the "Motion for Bond")). Briefing on the Motion to Dismiss and Motion for Bond concluded on April 23, 2026.

On April 9, 2026, Ergobaby moved to strike Mabē's sixth and seventh affirmative defenses. Dkt. 23 (the "First Motion to Strike").

On April 30, 2026, Mabē filed an amended answer and counterclaim against Ergobaby (the "First Amended Answer and Counterclaim"), alleging that Ergobaby brought its patent infringement claims against Mabē in bad faith. Dkt. 27. Mabē brought its counterclaim under Idaho Code § 48-1706 seeking monetary damages. *Id.*

On May 14, 2026, Ergobaby moved to strike the First Amended Answer and Counterclaim in its entirety on the grounds that it is untimely, procedurally improper, substantively deficient, and prejudicial to Ergobaby. Dkt. 29 (the "Second Motion to Strike"). The First Motion to Strike and Second Motion to Strike are fully briefed.

On June 18, 2026, Ergobaby sent a complaint to the ITC requesting that the ITC commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, against Mabē concerning the same patents that are the subject of this Action. Dkt. 36-2 (the "ITC Complaint").[1]

[1] According to the ITC, Ergobaby's ITC Complaint against Mabē was filed on June 22, 2026. Dkt. 42.

On June 26, 2026, Mabē filed an expedited motion for an order that Ergobaby withdraw the ITC Complaint. Dkt. 36 (the "Motion for Permanent Injunction"). Mabē withdrew its request for oral argument on its Motion to Dismiss and Motion for Bond and asked that the Court rule on each of Mabē's pending motions on the papers. *Id.* The Motion for Permanent Injunction was fully briefed by July 22, 2026. Dkts. 39, 40. The next day, the ITC filed a notice of potential intervention and requested it be given until August 13, 2026, to decide whether to formally move to intervene. Dkt. 41.

On August 13, 2026, the ITC filed the Motion to Intervene that is the subject of this Memorandum Decision and Order. Dkt. 42. The ITC asserts it is seeking to intervene "for the limited purpose of opposing" Mabē's Motion for Permanent Injunction. Dkt. 42-1, at 1. The ITC moved for intervention of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, permissive intervention under Rule 24(b). *Id.* at 1–2. Additionally, the ITC filed a proposed Opposition to the Motion for Permanent Injunction. Dkt. 43 (the "Proposed Opposition"). The ITC represents the parties do not oppose its Motion to Intervene. Dkt. 42, at 2.

## II. ANALYSIS

Federal Rule of Civil Procedure 24(a) governs intervention as of right. To intervene as of right under Rule 24(a), four criteria must be met. First, "the application for intervention must be timely." *U.S. v. Sprint Comm's, Inc.,* 855 F.3d 985, 991 (9th Cir. 2017). Second, "the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action." *Id.* (citation modified). Third, "the applicant must be so situated that the disposition of the action may, as a practical matter,

impair or impede the applicant's ability to protect that interest." *Id.* Fourth, "the applicant's interest must not be adequately represented by the existing parties in the lawsuit." *Id.* "The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

The Court finds the ITC has met its burden for intervention as of right in this case. First, the Motion to Intervene was timely. Although the ITC did not give notice that it was considering intervention until after the Motion for Permanent Injunction was fully briefed, it did so the very next day and before any potential hearing on the Motion for Permanent Injunction was scheduled. There is no indication that any party would be prejudiced if the ITC intervened. This is especially the case because ITC represents the parties have indicated their non-opposition to its request.

The Court also finds the ITC has a significant protectable interest in its ongoing investigation, and granting the Motion for Permanent Injunction would impair the ITC's ability to protect its interest. The ITC, which is tasked with investigating alleged violations of 19 U.S.C. § Section 1337, has responsibilities and interests in fulfilling its duties under the statute. Such an interest is not adequately represented or protected by the existing parties to the litigation—two private companies—who do not have the same litigation objectives as the ITC. As such, the Court GRANTS the ITC's Motion to Intervene.[2]

---

[2] The ITC moved, in the alternative, for permissive intervention under Federal Rule of Civil Procedure 24(b). Because the Court grants ITC's motion under Rule 24(a), the Court need not rule on the ITC's motion under Rule 24(b).

## III. ORDER

1. The ITC's Motion to Intervene (Dkt. 42) is GRANTED.
2. The ITC's Proposed Opposition (Dkt. 43) is deemed FILED as of **August 13, 2026**.
   a. Any replies to the Proposed Opposition are due **August 27, 2026**.

DATED: August 17, 2026

David C. Nye
U.S. District Court Judge